THIRD DEPARTMENT, DECEMBER, 1921.

SOPHIA BRADLEY, Respondent, v. THE WAVERLY, SAYRE AND ATHENS TRACTION COMPANY, Appellant.

*Street railroads — action to recover for injuries received on leaving car — verdict for plaintiff based on starting of car as she was alighting supported by evidence.*

Appeal by the defendant, The Waverly, Sayre and Athens Traction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tioga on the 21st day of October, 1920, upon the verdict of a jury for $1,250, and also from an order, entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

WOODWARD, J.: The plaintiff was a woman sixty-eight years of age, and on the 25th day of May, 1918, became a passenger upon one of the cars of the defendant *en route* for West Sayre, Penn. Arrived at that point, according to her testimony, the car came to a standstill, two men got off the car ahead of her, and she got into the vestibule, took hold of the handrail and was in the act of alighting when

the car started with a jerk and she was thrown off and dragged for a considerable distance, when she fell to the street. Five witnesses, two of them apparently disinterested, give a more or less variant account of this accident, and the jury might have found that she had reached the street in safety and was from two to seven feet from the car at the time she sat down with her feet sprawled out upon the crosswalk, and the car moved on. This latter view, however, does not account for the particular injuries which the plaintiff concededly sustained, which included pain and soreness over the right arm, discoloration of her hips, across her back and also over her right shoulder, and a broken coccyx; and the jury, of course, had a right to take these matters into consideration in weighing the evidence. The plaintiff was alone in her testimony as to the manner of the accident, though there are admissions in the testimony of the defendant's witnesses which have a tendency to support her theory; and while it may be that the facts would have been otherwise determined had we been called upon to make the findings of fact we are not prepared to say that the evidence does not fairly support the verdict of the jury. The learned trial justice wrote a memorandum in denying the motion for a new trial, and we are persuaded that the judgment ought not to be disturbed. We are of the opinion that the hypothetical questions were not open to the objection urged against them; that the defendant was not prejudiced by anything which occurred upon the trial. The judgment and order appealed from should be affirmed, with costs. Judgment and order unanimously affirmed, with costs. Present — John M. Kellogg, P. J., Woodward, Cochrane, H. T. Kellogg and Van Kirk, JJ.